UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case Number 03-20017

v.                                                 Honorable David M. Lawson

CHARLES JOHNSON,

        Defendant.
_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

      This matter is before the Court on the defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). On January 8, 2004, the defendant pleaded guilty to one count of conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 846. On January 13, 2005, the defendant was sentenced to 262 months imprisonment for conspiracy to distribute — the bottom of the guideline range under the then-current sentencing guidelines — to be followed by ten years of supervised release. On January 22, 2009, the Court entered an agreed order reducing the defendant's sentence based upon the 2007 amendments to the crack cocaine sentencing guidelines that were given retroactive effect by the United States Sentencing Commission, and upon re-sentencing, the Court sentenced the defendant to the statutory mandatory minimum term of 240 months. (The defendant had a prior felony drug conviction, and therefore he was subject to the enhanced penalty. *See* 21 U.S.C. §§ 841(b)(1)(A), 851.) The defendant now asks the Court to apply retroactively the revised sentencing guidelines and penalties under the FSA.

      The defendant accurately describes in his motion the history and purpose of the FSA. The Anti-Drug Abuse Act of 1986 (1986 Drug Act), 100 Stat. 3207, created a sentencing regime for

federal drug crimes that punished defendants more heavily "depending primarily upon the kind and amount of drugs involved in the[ir] offense." *United States v. Dorsey*, 132 S. Ct. 2321, 2327 (2012). Under the statute, a defendant was subject to the same five-year mandatory minimum sentence if convicted of distributing 500 grams of powder cocaine as a defendant would receive if convicted of distributing five grams of crack cocaine. *Id.* at 2326.

There is no serious dispute that the 100-to-1 ratio disproportionately affected African Americans. It is well established that African Americans are more likely to be convicted of federal crack offenses than white defendants and receive disproportionately longer sentences than defendants convicted of powder cocaine offenses:

> [In 2012], for example African Americans made up 30% of reported crack users but 83% of federal crack convicts. White people, in contrast, accounted for 62% of users but only 7% of convicts. Federal crack convicts, substantially more likely to be African-American, receive longer sentences than powder cocaine convicts. In 2007, under the 100-to-1 ratio and before the Sentencing Commission sought to mitigate modestly the disparity, the average crack sentence was 50% longer than the average powder cocaine sentence. And more generally, the 100-to-1 ratio yields a sentencing guideline range three to six times longer for crack offenders than powder cocaine offenders with the same drug quantities.

*United States v. Blewett*, 746 F.3d 647 671-72 (6th Cir. 2013) (Cole, J., dissenting). The United States Sentencing Commission issued four separate reports criticizing the ratio as too high and unjustified, in part, because research showed that the sentences overstated the harm caused by crack cocaine relative to powder cocaine and because the sentences disproportionately affected minorities. *Dorsey*, 132 S. Ct. at 2328. Congress enacted the Fair Sentencing Act ("FSA"), Pub.L. No. 111-220, 124 Stat. 2372 (2010), in response to these criticisms.

The Fair Sentencing Act, which was signed into law on August 3, 2010, raised the triggering amounts of crack cocaine for mandatory minimum sentences. Conforming amendments to the

United States Sentencing Guidelines became effective initially on November 1, 2010, and "[a] permanent version of those Guidelines amendments took effect on November 1, 2011." *Dorsey*, 132 S. Ct. at 2329. The Act raised the triggering amount that would apply to the defendant's offense of conviction from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (August 3, 2010); 21 U.S.C. § 841(b)(1)(A)(iii); *United States v. Webb*, 760 F.3d 513, 515 (6th Cir. 2014). At his original sentencing, the defendant was held responsible for 150 to 500 grams of cocaine base. If he were sentenced today under the revised penalty statute, he therefore would be subject to the lower mandatory minimum sentence of ten years under 21 U.S.C. §§ 841(b)(1)(B)(iii), 851. However, the Court may not re-sentence the defendant unless Congress gave the revised penalty provisions retroactive effect.

The defendant argues that the statute must be retroactive to avoid violating the Equal Protection Clause. To hold otherwise, the defendant contends, would leave undisturbed thousands of sentences imposed under a regime widely understood as disproportionately impacting African Americans. In support of his motion, the defendant cites *United States v. Blewett*, 719 F.3d 482 (2013), in which a divided panel of the court of appeals held that "the Fair Sentencing Act of 2010 . . . should apply to all defendants, including those sentenced prior to its passage" for this very reason. *Id.* at 484. However, the panel decision was vacated when the Sixth Circuit granted the government's petition for rehearing *en banc*. Thereafter, the full court of appeals held that "the [Fair Sentencing Act] does not retroactively undo final sentences." *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1779 (2014). The court rejected the defendants' argument under the Equal Protection Clause because of the absence of any evidence of intentional discrimination. A finding of intentional discrimination, the court held, required more than an

awareness of the consequences and there is no evidence that Congress refused to make the FSA retroactive because this refusal would disproportionately harm African Americans. *Id.* at 659. Instead, the court held that the FSA engaged in the "ordinary practice" in federal sentencing of "withholding [a] change from defendants already sentenced" in the interests of finality. *Ibid.* (quoting *Dorsey*, 132 S. Ct. at 2335).

The court of appeals recognized, as does this Court, "that Congress should think seriously about making the new minimums retroactive." *Id.* at 660. The Fair Sentencing Act itself recognizes much of what Johnson says about the discriminatory impact of the sentencing guidelines under the previous regime. However capricious it may seem, laws "often make[] [distinctions] between actions previously taken and those yet to come," and there is "no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent . . . amendments." *Id.* at 659 (citations omitted). This Court is bound by the language of the statute and Sixth Circuit precedent, which leaves no room to grant the defendant relief. Because the defendant was sentenced originally in 2005, well before the effective date of the Fair Sentencing Act, the revised mandatory minimum sentencing provisions under that Act do not apply to him. This outcome is not changed by the fact that the defendant was re-sentenced on other grounds after the effective date of the Act. *See United States v. Hughes*, 733 F.3d 642, 645 (6th Cir. 2013) (holding "that the penalties applicable in [the defendant's] re-sentencing . . . . are those 'that were in effect on the date of [his] previous sentencing[.]'") (quoting 18 U.S.C. § 3742(g)(1). The Court therefore will deny the defendant's motion.

Accordingly, it is **ORDERED** that the defendant's motions for a reduction of his sentence

and appointment of counsel [dkt. #294, #296] are **DENIED.**

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   January 16, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 16, 2015.

s/Susan Pinkowski  
SUSAN PINKOWSKI

---